FILED
AUG 25 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDY OSWALDO VILLANUEVA MORAN [A077 284 100],<br><br>  Petitioner,<br>vs.<br><br>ERIC HOLDER, Attorney General, *et al.*,<br><br>  Respondents. | CASE NO. 10 CV 1542 MMA (WVG)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

  Pending before the Court is Petitioner Fredy Oswaldo Villanueva Moran's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. [Doc. No. 1.] Petitioner is a native and citizen of Guatemala, who was taken into custody by the Department of Homeland Security ("DHS") on July 22, 2009, after Petitioner failed to leave the United States pursuant to a voluntary departure order. [*Id.* at p.2, Ex. T, p.1 (Removal Order); Ex. T, p.4 (Immigration Court Order).] Petitioner is currently in DHS custody, and has been ordered removed under the Immigration and Nationality Act ("INA").

  After Petitioner's arrest, he retained a series of defense attorneys to represent him in the deportation proceedings. [Doc. No. 1, p.5-8.] Petitioner asserts each attorney failed to effectively manage his case, and that "he would not be in this situation right now" if the attorneys had acted diligently. [*Id.* at p.10-11.] The Court notes, however, that Petitioner appears to have been represented by counsel at each stage of the deportation process. Petitioner further alleges he

"qualifies to be released on conditional parole or an [sic] a low bond amount, . . . [and that he] is eligible to apply for Cancellation of removal 240(A)(b) of the Act." [Doc. No. 1, p.2.] In addition, Petitioner requests the Court stay his removal pending his appeal of the removal order. [*Id.* at p.4, 10-11.] Accordingly, Petitioner's petition challenges his removal and asks this Court to grant his release. [*Id.* at p.3, 11-12.]

The Court, however, does not have jurisdiction to hear such claims under 8 U.S.C. § 1252(g). Section 1252 provides as follows:

> (g) Exclusive jurisdiction. Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g). This provision was created so as to "eliminate[] district court habeas corpus jurisdiction over orders of removal and vest[] jurisdiction to review such orders exclusively in the courts of appeals." *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006) (citing *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-929 (9th Cir. 2005)). Thus, if Petitioner seeks to challenge the final order of removal, his only remedy is to file a petition for review in the U.S. Court of Appeals for the Ninth Circuit. Indeed, it appears Petitioner currently has several appeals pending before the Ninth Circuit.

Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire *sua sponte* whenever a doubt arises as to its existence. . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). Because the Court lacks subject matter jurisdiction over this matter, Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**.

1    In addition, the Court notes that several documents Petitioner submitted in support of his
2 petition contain sensitive private information including social security numbers and medical
3 records regarding his children. Such information should not be publicly available on the docket.
4 Accordingly, the Court **INSTRUCTS** the Clerk of Court to remove the following documents from
5 the docket, and file them under seal:
6    (i)    Exhibit "D" in its entirety;
7    (ii)   The last page in Exhibit "G" (numbered 58 of 123);
8    (iii)  Pages 2 through 6 of Exhibit "J" (numbered 65 through 69 of 123);
9    (iv)   Pages 8 through 10 of Exhibit "J" (numbered 71 through 73 of 123);
10   (v)    Exhibit "P" in its entirety; and
11   (vi)   Page 12 of Exhibit "R" (Petition dated Jan. 4, 2005).
12   **IT IS SO ORDERED.**
13
14 DATED: August 23, 2010
15                                          Hon. Michael M. Anello
                                            United States District Court